**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**UNITED STATES OF AMERICA,**

v.                                                              CASE NO. 7:11-CR-6 (HL)

**DAVID LASTER,**

        Defendant.

**ORDER**

This case is before the Court on Defendant's Motion for Bond (Doc. 53). Defendant requests that the Court release him on bond pending his sentencing in January of 2012. The Government opposes the Motion.

On October 11, 2011, Defendant entered a plea of guilty to Count Three of his Indictment, which charged him with possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This violation carries a penalty in excess of ten years' imprisonment. After entering his plea, Defendant was remanded to the custody of the United States Marshal. Defendant has now asked that he be released on bond pending sentencing because of certain medical issues.

Release pending sentencing as relates to this case is governed by 18 U.S.C. § 3143(a)(2), which provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless - -
>
> (A)(i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

   (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

   (B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

  Because the offense to which Defendant pleaded guilty is one of the offenses described in 18 U.S.C. § 3142(f)(1), Defendant must remain in custody unless he can satisfy 18 U.S.C. § 3143(a)(2). The Court finds that he cannot. Subsection (a)(2)(A)(i) is inapplicable because there was no trial, so no motion for acquittal or new trial can be granted. Defendant cannot satisfy Subsection (a)(2)(A)(ii) because the Government has not recommended that no sentence of imprisonment be imposed on Defendant. The statue is clear that either Subsection (a)(2)(A)(i) or (ii) must be met, and neither can be satisfied in this case.[1] The law mandates that Defendant remain in custody.

  The Motion for Bond (Doc. 53) is denied.

  **SO ORDERED**, this the 25th day of October, 2011.

        _s/ Hugh Lawson_____
        **HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] Because Defendant has not met either prong of Subsection (a)(2)(A), it is unnecessary for the Court to consider Subsection (a)(2)(B).